The Vincennes National Bank *et al. v.* Hargrove *et al.*

No. 9079.

The Vincennes National Bank et al. *v.* Hargrove
ET AL.

REPLEVIN BAIL.—*Judgment.*—*Execution.*—A written undertaking, entered upon the back of an execution to pay one-half of the judgment upon which the execution issued, is invalid as a recognizance of replevin bail, and does not authorize an execution to issue upon such undertaking.

From the Vanderburgh Circuit Court.

*F. W. Viehe* and *R. G. Evans,* for appellants.

*C. Denby, D. B. Kumler, W. M. Land, C. A. Buskirk* and *H. W. Yeager,* for appellees.

BEST, C.—The appellees William L. Hargrove, William M. Cockrum, John C. Blythe, James H. McConnell and Edward Rickard, brought this action to enjoin the appellants from collecting from them a judgment recovered by the Vincennes National Bank against Jacob W. Hargrove, Caleb Trippet and Samuel Sterne, their co-appellees.

It was averred in the complaint, that the Vincennes National Bank, on the 2d day of February, 1875, recovered a judgment in the Gibson Circuit Court against Jacob W. Hargrove, Caleb Trippet and Samuel Sterne, for $1,547, and by the terms of the judgment said Sterne was adjudged the surety of Hargrove and Trippet; that afterward, to wit, on the 18th day of March, 1875, an execution was issued on said judgment against all of said persons and was delivered to the sheriff of said county; that while said writ remained in the hands of said sheriff, and before the time for stay of execution had expired, the Vincennes National Bank entered into an agreement with Jacob W. Hargrove and Caleb Trippet, that, if each would procure replevin bail to stay one-half of the judgment, the bank would not cause an execution to issue thereon for one year; that, in pursuance of said agreement, said Hargrove procured the appellees (plaintiffs below) to sign an instrument upon the back of said execution, in the following words:

" We acknowledge ourselves replevin bail for the payment of Jacob W. Hargrove's one-half of the judgment upon which the within execution has issued, together with the interest and costs accrued and to accrue thereon, at or before the expiration of the time allowed by law for the stay of execution on such judgment. July 31st, 1875.

" WILLIAM L. HARGROVE,
" WILLIAM M. COCKRUM,
" J. H. McCONNELL,
" EDWARD RICKARD,
" J. C. BLYTHE."

And in like manner said Trippet procured Jefferson Turpin and John Sloan to sign upon the back of said execution a similar writing for Trippet's half of said judgment; that afterward, to wit, on the 18th day of July, 1879, said bank caused another execution to issue upon said judgment against Jacob W. Hargrove, Caleb Trippet and Samuel Sterne as principals, and William L. Hargrove, William Cockrum, James McConnell, Edward Rickard, John C. Blythe, Jefferson Turpin and John Sloan as replevin bail; that at the time William L. Hargrove was the sheriff of said county, and for that reason said execution was delivered to David Wilhite, coroner of said county, who is threatening to levy the same upon the property of the plaintiffs, and will do so unless enjoined by the order of the court; that said written instruments were invalid as recognizances of replevin bail, and did not authorize the collection of the judgment from any of the persons who signed them.

Many other facts were averred to show that the plaintiffs, if bound by the written instrument signed by them, were released by the extension of time granted by the bank to Jacob W. Hargrove and Caleb Trippet; but, as a statement of these facts is unnecessary to a decision of the case, we will not set them out. Prayer that the appellants be perpetually enjoined from collecting said judgment, or any part of it, from the plaintiffs. A cross complaint alleging the same facts substantially,

and demanding the same relief, was filed by Jefferson Turpin and John Sloan. Demurrers, for the want of facts, by the Vincennes National Bank, were overruled to these complaints, and these rulings were reserved. Issues were formed, a trial had, and final judgment rendered for the appellees.

The appellants, by the proper assignments of error, insist that neither complaint states facts sufficient to constitute a cause of action, and that the court erred in overruling the motion for a new trial. The sufficiency of these complaints depends upon the validity of the written instruments mentioned in them as recognizances of replevin bail. If invalid, the appellees were not bound by them, and the complaints were good. It was held in the case of *Sterne* v. *McKinney*, 79 Ind. 578, that such instruments are invalid as recognizances of replevin bail, and that case is decisive of this question. Several other questions, based upon the assumed validity of these instruments, have been discussed, but, as they were invalid, the questions do not arise. As these instruments did not bind the appellees, the motion for a new trial was properly overruled.

There is no error in the record, and the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellants' costs.