Hadley *et al. v.* Hadley.

---

No. 9122.

HADLEY ET AL. *v.* HADLEY.

82  95<br>154 230

PRACTICE.—*Bond for Costs.*—*Bill of Exceptions.*—To bring before the Supreme Court the action of the court below in refusing to require a plaintiff to give security for costs, the motion and affidavit therefor must be brought into the record by bill of exceptions.

REPLEVIN.—*Possession.*—*Execution.*—*Sheriff.*—*Levy.*—If a sheriff, by direction of a plaintiff, who is present, levy an execution upon goods of another than the execution defendant, the goods being present and within his control, and he leave them in the custody of the execution defendant where he found them, upon his delivery bond, without surety, the owner may, under the statute (R. S. 1881, section 1266), maintain replevin against both, though the sheriff or plaintiff personally have not actual possession of the goods at the commencement of the suit.

SAME.—*Receiptor.*—In such case, the execution defendant is a mere receiptor of the goods, and the possession is that of the sheriff.

From the Hendricks Circuit Court.

*C. C. Nave*, for appellants.

*J. V. Hadley, E. G. Hogate* and *R. B. Blake*, for appellee.

MORRIS, C.—This is an action of replevin brought by the appellee against the appellants, to recover the possession of forty-five bushels of wheat, one sorrel mare, and one two-year-old heifer, alleged to be of the value of $175, and to be unlawfully and wrongfully detained from the appellee by the appellants. The complaint, affidavit and bond are in the usual and proper form.

The appellants filed an affidavit, alleging the non-residence of the appellee, and moved the court to require him to give a bond for costs. The court overruled the motion, on the ground that the costs were sufficiently secured by the replevin bond filed.

The appellants answered by a general denial. They also filed a special answer, but as the matter specially answered was provable under the general denial, the special defence will not be particularly noticed. Trial by the court, and finding for the appellee. The appellants moved for a new trial; the motion was overruled, and judgment for the appellee.

The appellants assign as errors the rulings of the court upon the motion for a bond for costs, and upon the motion for a new trial.

It is stated in the record that an affidavit was filed, stating the non-residence of the appellee, and that a motion for a bond for costs was made, but neither the affidavit nor the motion is in the record by bill of exceptions or otherwise. The question is not, therefore, presented to this court for decision.

The evidence given upon the trial is properly in the record, and it tends to prove that the property described in the complaint, at and prior to the commencement of the suit, belonged to the appellee. It was proven that in the spring of 1880, the appellee went to the State of Kansas, leaving the property in dispute with his parents, Amos and Sallie Hadley, in Hendricks county, Indiana. It was agreed by the parties, that on the 25th day of August, 1880, the wheat, mare and heifer in controversy were in the actual possession of Amos and Sallie Hadley, in Hendricks county, Indiana; that on that day

the appellant James M. Emmons, as sheriff of said county, levied upon said property by virtue of an execution duly placed in his hands as such sheriff, issued by the clerk of said court, upon a judgment rendered in the Hendricks Circuit Court, in favor of Jesse Hadley and John Atkinson, and against the said Amos Hadley, for $227.40; that on said day the appellants Hadley and Atkinson went with the sheriff, Emmons, to the house of Amos Hadley, and directed him to levy said execution upon the property in dispute, together with other property claimed by the said Sallie Hadley, which he did, making an inventory of the property levied upon, and endorsing a schedule of the same upon said execution; that the sheriff did not take the wheat, mare and heifer into his actual possession, but would have done so had not the said Amos and Sallie Hadley executed and delivered to him the bond hereinafter set out; that said delivery bond having been executed, the said Amos and Sallie Hadley remained in the actual possession of said property from the 25th day of August, 1880, until, and ever since, the 31st day of said month, the day on which this suit was commenced, and that said property had not been in the actual possession of the appellants, or any of them. Said delivery bond is as follows:

"Jesse Hadley and John Atkinson *v.* Amos Hadley. In the Hendricks Circuit Court.

"We undertake that the following property" (here the property levied upon, including that in dispute, is described), "levied upon as the property of Amos Hadley, by virtue of an execution issued in the above entitled cause, by James M. Emmons, sheriff of Hendricks county, Indiana, shall be delivered to said sheriff, at the residence of Amos Hadley, in Guilford township, Hendricks county, on the —— day of ——————, 18—, or at any time previous to said date, upon demand being made at any time between the hours of ten o'clock A. M. and four o'clock P. M., when said officer may be ready to receive the same, in as good condition as the same is

at this date, to be sold by said sheriff, by virtue of said execution; and further, that said ———— may sell said property at private sale, and when so sold, said ———— shall pay the cash value thereof to said sheriff as aforesaid; and this undertaking is hereby made payable to the execution plaintiffs in this action.              AMOS HADLEY.      [Seal.]
                                                    "SALLIE HADLEY.    [Seal.]
    "Approved by me this 25th day of August, 1880.
                                    "JAMES M. EMMONS, Sheriff."

The appellants insist that the foregoing facts, which embrace the substance of the evidence, do not sustain the finding and judgment of the court; that the action of replevin can not be sustained against a sheriff not in the actual possession of the property sought to be recovered.   If in this the appellants are right, the judgment should be reversed, for it is agreed that they were not, at the time of the commencement of the suit, in the actual possession of the property, but that the property was in the actual possession of Amos and Sallie Hadley.

The code provides that "When any personal goods are wrongfully taken or unlawfully detained from the owner or person claiming the possession thereof, or when taken on execution or attachment, are claimed by any other person than the defendant, the owner or claimant may bring an action for the possession thereof." 2 R. S. 1876, p. 88, sec. 128.

The goods in this case were claimed by the appellee.   The levy made by the sheriff, though the goods were not removed by him, was a taking of them on execution within the meaning of the law.   The goods were present and within the control of the officer at the time the levy was made.   The sheriff did not remove the goods, did not take or have the manual possession of them, but upon the execution of a bond by the judgment debtor and his wife, by which they agreed to re-deliver the goods to him upon demand, in as good condition as they then were, he permitted the obligors to retain possession of them.   Through this arrangement, though the bond was

void as to Sallie Hadley, the sheriff still had the goods within his power and control. The surety on the bond being a married woman, and, therefore, not bound, the debtor, Amos Hadley, must be regarded as a mere receiptor of the goods, entrusted by the officer with their safe-keeping. As such, he was the agent or bailee of the officer, and his possession should be held to be the possession of the sheriff. To complete the levy, it was not necessary that the officer should have the manual control of the property, or touch it; if the property is present, as it was in this case, it is enough that the sheriff claims to exercise control over it by virtue of the execution, or that he makes an inventory of it, or threatens to remove it, unless a receiptor is given. *Connah* v. *Hale*, 23 Wend. 462. In the case of *Dillenback* v. *Jerome*, 7 Cowen, 294, it was held that the possession of the receiptor was to be regarded as the possession of the officer. *Burrall* v. *Acker*, 23 Wend. 606 ; *Hankins* v. *Kingsland*, 2 Hall (N. Y.) 425 ; Crocker Sheriffs, sec. 443. Where the sheriff has delivered goods taken by him on execution to a receiptor, he has the right at any time to resume the possession of the goods for the purpose of delivering them to the execution defendant, upon payment of the debt, and it is his duty to do this. So, too, he might and should, in this case, have demanded and obtained the possession of the goods from his receiptor, Amos Hadley, and delivered them to the officer having the writ of replevin. If the sheriff wrongfully took, as the evidence shows he did, the goods of the appellee on an execution against Amos Hadley, he could not, by entrusting the judgment debtor and his wife with the possession of the goods for him, avoid responsibility. We think the appellants had such possession of the property in controversy as rendered them responsible for it to appellee, and that the evidence sustains the judgment below. The judgment should be affirmed.

Per Curiam.—It is ordered that, upon the foregoing opinion, the judgment below be affirmed, at the costs of the appellants.