No. 14,074.

BURCH v. DOOLEY ET AL.

COSTS.—*Illegal Taxation.*—*Injunction.*—*Assault and Battery.*—Where a defendant, charged with assault and battery, is acquitted by the justice, but is held to answer a charge of attempting to provoke an assault, directed by the justice to be preferred, to which, after a change of venue, he pleads guilty, paying the fine and costs, the taxing of the costs of the former case into the latter is a nullity, and injunction will lie to prevent their collection.

From the Sullivan Circuit Court.

*J. C. Briggs*, for appellant.

*W. S. Maple*, for appellees.

MITCHELL, C. J.—Samuel Burch sought to enjoin Dooley and another, constable and deputy constable, respectively, from proceeding to enforce the payment of certain costs alleged to have been wrongfully taxed against the plaintiff below by a justice of the peace. It is charged in a complaint, upon which the question for decision arises, that the appellant had been arrested and taken before a justice to answer a charge of assault and battery; that, after hearing the evidence, the justice found him not guilty of the charge, but instead of discharging him the justice directed the prosecuting attorney to prefer a charge against him for attempting to provoke an assault, which was accordingly done. It is averred that after taking a change of venue from the justice the appellant subsequently pleaded guilty to the latter charge, and that a fine of one dollar and costs was assessed against him, which he paid. It is averred that the justice charged the costs of the assault and battery case, including the witness' fees, with the costs in the proceeding for an attempt to provoke, and that although all the costs in the last named proceeding had been paid, an execution had been issued, and the appellant's property had been seized for the payment

of the costs in the case in which he had been found not guilty. The court sustained a demurrer to the complaint.

It is insisted, in support of this ruling, that even though the justice may have erred in taxing the costs that accrued in the assault and battery proceeding against the appellant in the proceeding for an attempt to provoke an assault, yet the act of the justice in so doing was not void, but merely erroneous; and that, as the appellant had an adequate remedy by appeal from this latter judgment, he can not now avail himself of an extraordinary remedy by injunction. It was, of course, within the power of the justice, after finding that the evidence did not sustain the charge of assault and battery, in case it appeared to him that a mistake had been made in framing the charge, to detain the defendant in custody until a proper charge had been preferred; but he had no power to tax the costs that accrued in attempting to maintain a charge of which the defendant was acquitted over into another case afterwards commenced. The appellant was, in no possible event, liable for the costs in the first proceeding, after it had been found that he was not guilty; and it was not merely an erroneous taxation of costs in the latter case which resulted in the controversy, but it was an attempt to transfer costs which accrued in one separate and distinct case, in which it had been adjudged that the defendant was not guilty, over into another in which it was adjudged that he was liable for the costs. This was a nullity. It is quite true that one against whom a judgment has been rendered, in which costs have been erroneously included, can not have relief by injunction while any part of the judgment remains unpaid. *Russell* v. *Cleary*, 105 Ind. 502. It appears, however, that the appellant has fully paid the fine, and all the costs which accrued in the last case. The costs, the collection of which he seeks to enjoin, did not accrue in that case, and there is no just reason to hold that the appellant should have appealed from a judgment

rendered against him on a plea of guilty, and with which, so far as appears, he was entirely satisfied, and which has been fully paid. The act of transferring the costs from one case, and incorporating them with the judgment in the other, was a nullity. The court erred in sustaining the demurrer to the complaint.

Judgment reversed, with costs.

Filed April 11, 1890.