Allen *et al. v.* Winstandly.

Filed Sept. 22, 1893.

---

No. 16,351.

## ALLEN AT AL. *v.* WINSTANDLY.

ACTION.— *Remedy.— Injunction. — Replevin. — Damages. — Execution.— Levy on Personalty of Party not an Execution Defendant.*—Where a sheriff, in proceeding to satisfy a judgment, levies upon personal property of a third party, not belonging to the judgment defendant, and is proceeding to sell the same, the owner may suffer the property to be sold and rely on his remedy for damages, or he may bring his action in replevin, but he can not have equitable relief by way of injunction, except where it is satisfactorily shown that the plaintiff has no other complete and adequate remedy.

From the Pike Circuit Court.

*E. P. Richardson, A. H. Taylor, J. R. East, H. C. Duncan* and *I. C. Batman,* for appellants.

*E. A. Ely* and *S. Davenport,* for appellee.

HACKNEY, J.—The appellee sought and secured, in the trial court, an injunction against the appellant Allen as an execution creditor, and against Stilwell as the sheriff holding such execution. The complaint alleged a judgment of the Morgan Circuit Court, in favor of Allen, for $2,750, against one Jesse A. Mitchell; that upon execution issued on that judgment, the appellants had levied, and would sell, unless restrained, certain mules, cattle, and corn, the property of the appellee, as the property of said Mitchell; that appellee was not a party to said judgment, nor to the suit in which it was obtained, and did not owe any part of said execution, nor was said execution a lien on any of said property. It is further averred that the levy casts a cloud upon and disparages his title to said property, and he prays judgment quieting his title to said property, and an injunction against a sale of it on said execution.

Upon the trial, the court found the facts specially, and stated conclusions of law therefrom in favor of the appellee. Facts clearly showing the appellee's ownership are found in detail, and the judgment, levy, and purpose to sell are also found, as alleged in the complaint. It is not found, as a substantive fact, nor as an ultimate fact, that the proposed sale cast a cloud upon, or in any manner disparaged, the appellee's title, nor are any facts found indicating, beyond those we have stated, a peculiar reason for the interposition of an equitable remedy.

The sufficiency of the complaint, and the correctness

of the conclusions of law upon the facts specially found, are presented here as reserved questions for review.

It is claimed that equity will not interfere to prevent the sale of personal property belonging to one person, upon an execution against another, in the absence of facts showing that no remedy at law exists. It is urged that no such facts are averred in the complaint; that no such facts are found by the court, and that in the presence of a remedy by proceedings in replevin, or, after sale, a suit on the sheriff's bond for damages, no such facts could exist.

The principal support given this contention is the generally recognized rule that equitable relief is denied where the law furnishes a remedy as adequate, or as "practical and efficient" to the ends of justice and its prompt administration, as the remedy in equity, as it is stated in *Watson* v. *Sutherland*, 5 Wall, 74.

The rule here insisted upon was applied in *Henderson* v. *Bates*, 3 Blackf. 460, a case wherein Henderson sought to enjoin the sale of his personal property for the payment of executions against others. The court said: "It is also as well settled, that chancery will not entertain a bill when personal property is the subject-matter, unless in some peculiar cases; nor will it interpose and enjoin the sale of personal property, taken in execution, either on the ground that it is not the property of the defendant in the execution but belongs to a third person, or that it belongs to the complainant, unless it be shown that if the property were sold, the complainant would be without remedy at law."

The peculiar cases in which it is there said that equity will interfere, are those which, from the peculiar character of the property, damages may not adequately compensate its loss to the owner.

In *Sidener* v. *White*, 46 Ind. 588; *Trueblood* v. *Hol-*

*lingsworth,* 48 Ind. 537; *Hollingsworth* v. *Trueblood,* 59 Ind. 542, and *Anderson* v. *Crist,* 113 Ind. 65, the property of one was sought to be sold to pay the debt of another, and it was held that injunction would lie to restrain such sale.

In the first of these cases the relief was proper as an incident to the enforcement of an equitable right in the plaintiff to require the remaining property of the debtor to be sold before applying that purchased and held by the plaintiff from the debtor.   In the other three cases, the property of a *cestui que trust* was offered for sale to pay the debt of the trustee individually.   The remedy in equity was proper, because of the peculiar guardianship of trust interests by courts of chancery.

The cases of *Elson* v. *O'Dowd,* 40 Ind. 300; *Stout, Admr.,* v. *La Follette, Admr.,* 64 Ind. 365; *Vincennes Nat'l Bank* v. *Cockrum,* 80 Ind. 355; *Vincennes Nat'l Bank* v. *Hargrove,* 80 Ind. 364; *Nicholson* v. *Stephens,* 47 Ind. 185; *Eversole* v. *Cook,* 92 Ind. 222; *Burch* v. *Dooley,* 123 Ind. 288, and *Greenwaldt* v. *May,* 127 Ind. 511, were all cases where sales of personal property were sustained.   In no one of these was the property taken   that of a third person, but in every instance was that of the debtor.   In every case the relief by injunction was incident to an equitable remedy, and involved the validity of tax levies, judgments or other liens, or was necessary to maintain the custody of such property in the court.

In neither of these lines of cases was the question made or considered, that is presented by the present case, nor did the court, at all times, state the rule under which equitable relief was extended.   These omissions are not reasons for the contention that in this State we have departed from the doctrine of *Henderson* v. *Bates, supra.*

Of the cases in this State where injunctions against the sale of personal property have been sustained, there

is but one other than those above cited, that we have found, and that is *Denny* v. *Denny*, 113 Ind. 22, where a widow sued to stay the sale of corn by the administrators of her husband's estate, she having chosen such corn as part of her statutory allowance. It was alleged, in addition to the facts we have stated, "that if it should be sold, she would be left without necessary feed for her animals, and that other corn could not then be readily procured." The court said: "This presented a state of facts which made it apparent that the plaintiff had no other complete and adequate remedy."

Whatever else may be said of this conclusion, it can not be maintained that the theory of *Henderson* v. *Bates, supra,* has been wholly abandoned in this State, for the distinguished judge who wrote that opinion manifestly had in mind the rule that where an adequate remedy at law existed equity would give no relief. Whether replevin would lie and furnish adequate relief, seems not to have been presented or considered, and the remedy in damages appears not to have been looked upon with favor. It is said further: "If it be conceded that the plaintiff might have maintained a suit on the bond, it does not necessarily follow that she must have permitted the corn, to which she had a clear legal right, to be sold. She was not bound to take the chance of obtaining other corn or of leaving her animals to suffer for want of feed."

Her appeal to equity rested upon the threatened loss of necessary feed for her animals, and was deemed sufficient.

We do not look with favor upon the contention that the appellee should have stood by and, after a sale of his property, sought redress in damages. Such remedy was once thought adequate, and is yet so held by some courts,

but the modern and most approved rule is that if no other remedy exists that will not be deemed adequate.

Mr. Pomeroy says, in section 1357, vol. 3, of his excellent treatise on Equity Jurisprudence: "Judges have been brought to see and acknowledge—contrary to the opinion held by Chancellor Kent—that the common law theory of not *interfering* with persons until they shall have actually committed a wrong, is fundamentally erroneous, and that a remedy which prevents a threatened wrong is in its essential nature better than a remedy which permits the wrong to be done, and then attempts to pay for it by the pecuniary damages which a jury may assess. The ideal remedy in any perfect system of administering justice would be that which absolutely precludes the commission of a wrong not that which awards punishment or satisfaction for a wrong after it is committed."

Judge MITCHELL evidently so viewed the question in *Denny* v. *Denny*, *supra.*

Appellee's counsel urge upon us the contention that since the code, with its blending of the rules of practice and pleading in suits in equity and actions at law, a choice of remedies may be had by the party seeking relief.

We do not understand that the principles of equity and the rules of the common law have lost their distinguishing characteristics in the adoption of the code. One court, under a simplified system of pleading, applies to the cause such principles as belong to the relief demanded. The court has no power to apply equitable principles to a cause for which the law has defined and prescribed relief, nor to apply statutory remedies where equity only provides the remedy.

Nothing more was intended by noting, in *Champ* v. *Kendrick, Trustee,* 130 Ind. 549 (553), that "the distinction in pleading and practice in actions at law and

Allen *et al. v.* Winstandly.

suits in equity has been abolished, and all courts are courts of law and equity.''

The complaint before us does not allege that the property is of a peculiar value to the owner, nor does it appear that the threatened sale would result in consequential or collateral damages, and no fact is averred indicating that the plaintiff may not freely pursue the statutory remedy in replevin.

The statute, specially designed for the relief of persons whose personal property is taken in execution for the debt of another, provides that ''When any personal goods are wrongfully taken, or unlawfully detained, from the owner or person claiming the possession thereof, or, when taken on execution or attachment, are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof.'' R. S. 1881, section 1266.

If he will have immediate delivery of the property, his affidavit must state ''that the same has not been taken for a tax, assessment, or fine, pursuant to a statute; or seized under an execution or attachment against the property of the plaintiff, or, if so seized, that it is, by statute, exempt from such seizure.'' Section 1267, R. S. 1881.

Wherein the statutory remedy is less adequate, or is not as plain, practical, and efficient as that by injunction, we have not been advised by appellee's able counsel, and our investigation has not disclosed. By the statutory remedy, possession could have been restored, or special bond given for the return of the property, while the remedy sought left the property in the hands of the sheriff to perish, or to cost more in support than its worth, with but the right of action on the sheriff's official bond, and the uncertain means of establishing the extent of the owner's losses.

If it were not the rule that the existence of a legal remedy is a denial of equitable relief, it is perfectly clear that replevin is the better remedy. But when we are confronted with that rule, authority should not be necessary to establish the adequacy of the remedy under the statute. However, we are not without direct authority upon this point.

In 1 Pomeroy's Eq. Jur., section 177, after discussing the rule as to real property, the author says: "In like manner the concurrent jurisdiction does not embrace suits by the legal owner to recover possession of a chattel, except in the few cases where the chattel has a certain special, extraordinary, and unique value impossible to be compensated for by damages, nor suits merely to determine the legal title to chattels between adverse claimants, where the claim of neither party involves or depends upon any equitable interest or feature. In all ordinary controversies concerning the legal ownership or possession of chattels, the common law actions of replevin or trover furnish a complete and adequate remedy."

In support of this proposition are cited the following cases: *Bowes* v. *Hoeg,* 15 Fla. 403 (408) (recovery of possession of a chattel); *Long* v. *Barker,* 85 Ill. 431 (to determine legal title to chattel); *McCullough* v. *Walker,* 20 Ala. 389 (391) (to enforce a gift of a chattel); *Young's Exec.* v. *Young,* 9 B. Mon. 66 (to try legal title to chattels); *Comby* v. *McMichael,* 19 Ala. 747 (to compel delivery of chattel); *Hall* v. *Joiner,* 1 S. C. 186. See, also, 2 Story's Eq. Jur., section 709.

In 10 Am. and Eng. Encyc. of Law, p. 871, it is said: "An injunction will not lie to prevent the sale of personal property of a third person, levied on by an officer for unpaid taxes, when the property is not of peculiar value to the owner, and it does not manifestly appear

that great injury would result to the owner from consequential or collateral damages occasioned by such sale. In such case the owner has a complete and adequate remedy at law, to which he may resort for redress."

Many authorities are cited in support of the text, and include decisions in the States of West Virginia, Alabama, California, Michigan, Florida, Minnesota, Nevada, New York, North Carolina, Wisconsin and Missouri.

Our conclusion is that the complaint alleged no facts excusing a resort to an equitable remedy, or showing that replevin was not a remedy plain and efficient. The finding of the court is more devoid of such facts than the complaint.

The decree of the circuit court is reversed, with directions to sustain appellants' demurrer to the complaint.

