Aman *et al. v.* Mottweiler *et al.*

Filed March 26, 1896.

No. 1,935.

AMAN ET AL. *v.* MOTTWEILER ET AL. ˙

EXECUTION.—*Levy.*—*Possession of Goods.*—*What Constitutes.*—*Replevin.*—Where a sheriff makes a levy on goods, and forbids persons claiming the right of possession, touching or removing them, and places such goods in charge of his representative, although no actual removal is made by such officer, he thereby acquires such possession as will make him subject to an action of replevin.

From the Vanderburgh Superior Court.

*W. Reister* and *I. Taylor,* for appellants.

*J. G. Owen,* for appellees.

ROSS, J.—The appellees brought this action, in replevin, to recover possession of personal property, taken and held by the appellant Charles G. Covert, as sheriff of Vanderburgh county, Indiana, by virtue

of a writ of attachment issued in an action brought by the appellants John Aman and Joseph Aman, against one Mike D. Robinson, a non-resident. The appellees recovered in the court below, and on this appeal the only question presented for review is as to the sufficiency of the evidence to sustain the finding of the trial court.

It is urged, on behalf of counsel for the appellants, that the evidence fails to show that they had possession, either actual or constructive, of the property in controversy, at the commencement of this action.

It is admittedly true, that the appellees, in order to recover against the appellants in this action, must prove that the appellants had possession of the property in controversy. The action is possessory, and, unless the appellants were shown to have possession, either actual or constructive, of the property in controversy, the appellees were not entitled to recover.

From the evidence, in which there is no material conflict, it appears that the appellant Covert, as sheriff of Vanderburgh county, levied upon the property in controversy, and while he did not haul the same away from the place where he levied upon it, he did forbid the appellees from touching or removing it, and then placed one Sauer, as his representative, in charge of it. This was clearly a taking into possession in contemplation of the law.

The authorities cited by counsel for appellants, in support of their contention, all substantially hold, that an officer, by merely endorsing a levy on the writ, does not thereby necessarily acquire possession of the property levied upon.

The evidence of the sheriff himself shows that he did take possession of the property in controversy; that he left a man in charge thereof; and that he refused to deliver up the property to the appellee upon

demand. The right of the appellant Covert, to the possession of the property depended upon whether or not it belonged to Mike D. Robinson, at the time it was levied upon. All of the evidence shows that it be- longed to the appellees.

The evidence fully sustains the finding of the court. Judgment affirmed.

Filed May 26, 1896.