## MARDEN v. STARR.

### (Circuit Court, D. Indiana. March 29, 1901.)

### No. 9,956.

1. WRONGFUL ATTACHMENT—REPLEVIN AGAINST SHERIFF—RIGHT TO MAINTAIN.
   1 Burns' Rev. St. Ind. 1894, §§ 1286, 1287, provide that when personalty, wrongfully taken on execution or attachment, is claimed by any person other than defendant named in the writ, the owner or claimant may sue for its possession, and that, if plaintiff wishes an immediate delivery, he must file a bond and affidavit, stating that it had not been taken for taxes, assessments, or fines, or seized under execution or attachment against his property, or, if so seized, that it was exempt. Held to authorize any person, other than the defendant to a writ of attachment, to sue in replevin against a sheriff who, professing to act under the writ, has wrongfully seized the personalty of such person, and that the rule of comity against the disturbance of property in the custody of one court by process from another of concurrent jurisdiction was thereby abrogated.

2. SAME—JURISDICTION OF UNITED STATES CIRCUIT COURT.
   The judiciary act of March 3, 1887 (24 Stat. 552). as re-enacted and re-enrolled by the act of August 13, 1885 (25 Stat. 433), provides that the United States circuit court shall have original cognizance, concurrent

with the courts of the several states, of all civil suits, at common law or in equity, in which there shall be a controversy between citizens of different states, involving a matter in dispute to the amount of $2,000, exclusive of interest and costs. *Held* to entitle the circuit court to original jurisdiction of an action of replevin authorized by 1 Burns' Rev. St. Ind. 1894, § 1286, against a sheriff holding property under a wrongful execution or attachment, the requisite diversity of citizenship and the amount in controversy being admitted.

8. Same—Necessary Parties—Joinder of Defendant in Official Capacity.

It is unnecessary, in replevin against a sheriff personally for a wrongful attachment, to join him as a party defendant in his official capacity, as he does not act within his authority when he makes such an attachment, and the writ affords him no excuse or protection.

4. Same—Complaint—Statement of Cause of Action—Sufficiency.

In replevin against a sheriff for attached property, the complaint alleged that plaintiff was the owner and lawfully entitled to its immediate possession, describing it, and that it was the same property which defendant, as sheriff of D. county, Ind., wrongfully levied on under a writ of attachment issued in a case described, and which defendant, as such sheriff, then had and held in his possession under the writ. It further averred that defendant held possession without right, and unlawfully detained the property from plaintiff, in said county and state, to his damage in an alleged sum, and that the property was not taken for a tax, assessment, or fine, pursuant to any statute, or seized under execution or attachment against plaintiff's property, and that it was wrongfully taken from him, and unlawfully detained by defendant. *Held* to state facts sufficient to constitute a cause of action, under 1 Burns' Rev. St. Ind. 1894, §§ 1286, 1287.

At Law.

Gregory, Silverburg & Lotz and Thomas T. Study, for plaintiff.
Bingham & Long, for defendant.

BAKER, District Judge. The amended complaint is in replevin. It alleges, in substance, that the plaintiff is a citizen and resident of the state of Wisconsin, and that the defendant is a citizen and resident of the state of Indiana, and that 'the plaintiff is the owner and lawfully entitled to the immediate possession of the following described personal property: (Here follows a description of numerous articles of personal property, alleged to be of the value of $4,000.) The complaint then proceeds:

"And which is the same property which the defendant, as sheriff of Delaware county, in the state of Indiana, unlawfully and wrongfully levied a writ of attachment upon issued to him from the Delaware circuit court of said state on December 24, 1900, in the case of Thomas J. Morris against C. E. Loss & Co., and which said property the defendant, as such sheriff, now has and holds in his possession in said Delaware county under said writ of attachment; that the said defendant has possession of said property without right, and unlawfully detains the same from the plaintiff, in said Delaware county, in said state, whereby the plaintiff has been and is damaged in the sum of two hundred dollars; that said property has not been taken for a tax, assessment, or fine pursuant to any statute, or seized under any execution or attachment against the property of the plaintiff; and that said property has been wrongfully taken from the plaintiff, and is unlawfully detained from the plaintiff by the defendant."

The plaintiff demands judgment for the possession of said property, and for $200 damages for its detention.

The defendant has demurred to the complaint, assigning the three following causes therefor: (1) That this court has no jurisdiction of

the subject-matter of the action; (2) that there is a defect of parties defendant, in this: that Thomas Starr, as sheriff of the circuit court of Delaware county, is a necessary party defendant, and should be joined; (3) that the complaint does not state facts sufficient to constitute a cause of action.

1. The first ground of contention is that it appears from the allegations of the complaint that the property was seized by the defendant as sheriff under and by virtue of a writ of attachment issued to him by the circuit court of Delaware county, Ind., and that the property is in the custody of the law, and within the rightful control of the state court. It is insisted that this court has no jurisdiction of an action in replevin to recover the possession of property so in the possession of the state court, although it may have been wrongfully seized by the sheriff. It is thoroughly settled, as a general principle of the law, that, whenever property has been seized by an officer of the court by virtue of its process, the property is to be regarded as in the custody of the court, and under its control, for the time being; and no court has the right to interfere with that possession, unless it be the same court, or one which may have a direct supervisory control over the court under whose process possession was first taken. This principle is applied where the officer has confessedly seized the property of a stranger to his writ without any lawful authority therefor. Peck v. Jenness, 7 How. 612, 12 L. Ed. 841; Wiswall v. Sampson, 14 How. 52, 14 L. Ed. 322; Taylor v. Carryl, 20 How. 583, 15 L. Ed. 1028; Freeman v. Howe, 24 How. 450, 16 L. Ed. 749.

In the case of Freeman v. Howe, supra, it was ruled that property held by a marshal under a writ from a federal court could not be lawfully taken from his possession under a writ of replevin from a state court, although the property was wrongfully seized by the marshal, and was owned by a stranger to the writ. In Buck v. Colbath, 3 Wall. 334, 18 L. Ed. 257, it was held that an action for trespass for taking the goods would lie in any court of competent jurisdiction against an officer who, professing to act under the process of a court, seized property belonging to a stranger to the writ. The ground of the former decision was that the possession of the marshal was the possession of the court, and that pending the litigation no other court of concurrent jurisdiction could be permitted to disturb that possession. In the latter case the ground of decision was that an action of trespass for the wrongful seizure of the property would lie because such action did not seek to interfere with the possession of the property. The rule that property in the custody of the court will not be disturbed by process from another court of concurrent jurisdiction grows out of the principle of comity which should regulate the relations between courts of concurrent jurisdiction. "A departure," it has been said, "from this rule would lead to the utmost confusion, and to endless strife between courts of concurrent jurisdiction deriving their powers from the same source; but how much more disastrous would be the consequences of such a course in the conflict of jurisdiction between courts whose powers are derived from entirely different sources, while their jurisdiction is concurrent as to the parties and the subject-matter of the suit." While this court has jurisdiction gen-

erally of actions of replevin for personal property, yet, on the principle of comity, when the property is held under process of a state court, its jurisdiction cannot be rightfully asserted. These are the general principles of the law, and, unless abrogated by the statute of this state, would necessarily defeat the plaintiff's right to maintain an action of replevin in this court or in any court of the state, so long as the circuit court of Delaware county retained the custody of the property seized under a writ of attachment issued by it.

But it is certainly competent for the legislature of this state to abrogate this rule of comity, and to authorize any court of competent jurisdiction to entertain an action of replevin by a party who is a stranger to the writ, to recover the possession of property wrongfully seized by a sheriff under a writ of attachment or execution. The statute of this state (1 Burns' Rev. St. 1894, § 1286) provides: "When any personal goods are wrongfully taken or unlawfully detained from the owner or person claiming the possession thereof, or when taken on execution or attachment are claimed by any person other than the defendant, the owner or claimant may bring an action for the possession thereof." If the plaintiff wishes an immediate delivery of the property, he must file a bond, and an affidavit stating "that the same has not been taken for a tax, assessment or fine pursuant to a statute; or seized under an execution or attachment against the property of the plaintiff, or if so seized that it is by statute exempt from such seizure." In the present case no immediate delivery is sought, but the matter is left to be determined by the final decision of the cause, and hence no affidavit or bond has been filed. The statute authorizes any person other than the defendant to the writ of attachment to bring an action of replevin against a sheriff, who, professing to act under such writ, has wrongfully seized the personal goods of such other person. Hadley v. Hadley, 82 Ind. 95; Miller v. Hudson, 114 Ind. 550, 17 N. E. 122; Allen v. Winstandly, 135 Ind. 105, 34 N. E. 699; Ferguson v. Day, 6 Ind. App. 138, 33 N. E. 213; Aman v. Mottweiler, 15 Ind. App. 405, 44 N. E. 63.

A proper reading of the statute would not have justified any other conclusion than that, where a sheriff wrongfully seized the property of any person other than the defendant named in the writ of attachment or execution, he might at once bring an original action of replevin in any court of competent jurisdiction against the officer so seizing his property for the recovery thereof. The statute provides that, when any personal goods which are wrongfully taken on execution or attachment are claimed by any person other than the defendant named in such writ, the owner or claimant may bring an action for the possession thereof. The owner or claimant may bring his action at once, and while the property so seized is held under process of the court issuing the writ. This section of the statute does not prescribe where the action of replevin should be brought, but evidently the action must be instituted in a court which can lawfully acquire jurisdiction over the defendant and the subject-matter. The venue of the action is not local, but is transitory, and the action must be brought, as in the case of other transitory actions, in the county where the defendant, or one or more of the defendants, resides.

Hodson v. Warner, 60 Ind. 214. And, where property taken in attachment is claimed by a person other than the defendant, he must prosecute his claim by an original and independent action, and cannot be admitted as a defendant in the attachment proceeding to set up his claim to the property. Risher v. Gilpin, 29 Ind. 53. The owner of personal property wrongfully taken by a sheriff on attachment or execution has no other remedy but by an original suit in replevin to regain possession of his property. As said in Buck v. Colbath, supra, he might bring an action of trespass against the sheriff; but a recovery in such an action would in many cases be a less satisfactory remedy than would a recovery of his property with damages for the wrongful taking and detention.

It is a well-established principle, under the code practice in this state, that the action of replevin may now be maintained in all cases where trespass de bonis asportatis could have been maintained, prior to the adoption of the Code, for the wrongful taking of personal property. Moorman v. Quick, 20 Ind. 67; Rowell v. Klein, 44 Ind. 290; Rose v. Cash, 58 Ind. 278; Schenck v. Long, 67 Ind. 579; Hadley v. Hadley, supra. The plaintiff had an undoubted right to bring an action in replevin against the defendant in any court of the state having competent jurisdiction to recover the possession of the property in controversy which had been wrongfully taken on attachment, and the remaining question arising under the first cause of demurrer is whether he may prosecute his action in replevin in this court. He is a citizen and resident of the state of Wisconsin, and the defendant is a citizen and resident of this state, and the property in controversy is of the value of $4,000. The diversity of citizenship, the amount in controversy, and the nature of the subject-matter, present a case within the undoubted jurisdiction of this court, if it may exercise the same jurisdiction which a court of the state might unquestionably exercise. That this court may exercise the same jurisdiction in this action as might be exercised by any court of the state is conclusively settled by the first section of the judiciary act of March 3, 1887 (24 Stat. 552), as re-enacted and re-enrolled by the act of August 13, 1888 (25 Stat. 433). It is there enacted "that the circuit courts of the United States shall have original cognizance concurrent with the courts of the several states of all suits of a civil nature at common law or in equity in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars." This is an original suit of a civil nature at common law wherein the requisite diversity of citizenship and amount in controversy are shown to be present. The circuit court of the United States has original jurisdiction of such a cause. The first ground of demurrer is therefore untenable.

2. It is further insisted that there is a defect of parties defendant, in this: that Thomas Starr, as sheriff of the circuit court of Delaware county, is a necessary party defendant and should be joined. There is no merit in this contention. He was not acting within his authority as sheriff when he wrongfully attached the plaintiff's property. He was a mere naked trespasser, acting without a shred of legal authority. His writ afforded no excuse or protection for his wrongful

seizure of the property in controversy. He is liable to a suit personally for his personal tort.

3. It is finally insisted that the complaint does not state facts sufficient to constitute a cause of action. The complaint is in the approved and usual form, repeatedly held sufficient by the supreme court of this state. It states every fact essential to constitute a good cause of action, under section 1286, 1 Burns' Rev. St. 1894. The demurrer is overruled. Exception. Rule to answer in 15 days.