WAY et al. v. CLAY et al.

(Circuit Court, S. D. West Virginia. June 22, 1904.)

1. JURISDICTION OF FEDERAL COURTS—AMOUNT IN CONTROVERSY—EJECTMENT.
    In an action of ejectment, where no special acts of damage are averred in the declaration, the damages recoverable are nominal only, and the amount of damages laid in the ad damnum clause cannot avail to give a federal court jurisdiction, where the value of the land is insufficient.

    [Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 897.
    Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.].

2. SAME—DISCLAIMER BY DEFENDANT.
    In an action of ejectment in a federal court to recover a tract of land alleged to be of greater value than $2,000, the court is not ousted of jurisdiction because the defendant by his answer disclaims as to all except a portion of the tract which is of less value.

Ejectment. On motion to strike out plea to the jurisdiction of the court.

Way and Rowland instituted an action of ejectment against Clay and a number of other defendants for the recovery of the possession of a large boundary of land, containing some 20,000 acres. The usual and proper jurisdictional averments are made in the declaration, and in the ad damnum clause the damages are laid at $20,000. The defendant Clay elected to make his separate defense, and filed a disclaimer to all of the land except 45.73 acres, as to which he claimed title. He thereupon filed a plea to the jurisdiction of the court, setting up that the value of the land claimed by him was less than $2,000, and that therefore the amount in controversy between him and the plaintiffs was less than $2,000, and the court was without jurisdiction to try the case. In connection with his plea he tendered and filed an agreement or stipulation, signed by counsel on each side of the case, stating that the value of the 45.73 acres of land mentioned and described in the disclaimer filed by the defendant Clay was less, at the time of the commencement of the action, than the sum of $2,000. To the filing of said plea the plaintiffs at the time objected, but the said plea was permitted to be filed, and the plaintiffs thereupon moved to strike out said plea.

J. F. Brown and J. W. McCreery, for plaintiffs.
Watts & Ashby and A. D. Preston, for defendant Clay.

KELLER, District Judge (after making the foregoing statement). The positions taken by the defendant in support of his plea are: (1) That the defendant in ejectment has a right under the statutes of West Virginia to sever in his defense; (2) that, having severed in his defense, he has a right to interpose all the defenses which he could have interposed had the action been brought against him alone; (3) that the amount in controversy between the plaintiffs and this defendant is less than $2,000, and therefore this court is without jurisdiction to proceed in the case; (4) that, the jurisdiction of the Circuit Courts of the United States being limited, whenever the want of jurisdiction appears in any manner or at any stage of the proceeding, the action must be dismissed.

The first two and the last of these propositions may be readily admitted, and, indeed, are correct; but the third proposition is a statement prejudging the very question here in issue. If it be true that the amount in controversy is less than $2,000, then this court is without jurisdiction; but does the amount or value defended against by defendant fix and settle the amount in controversy, or is it the value of the thing or interest bona fide sued for by the plaintiff? That is the very question here at issue. The plaintiff in argument claimed that in a case sounding in damages, of which ejectment is an example, the amount of damages laid in the ad damnum clause of the declaration governs the question of amount in controversy; but I cannot agree with that contention. Of course, in suits for personal injuries, where the damages are indeterminate and substantial, or in cases in which punitive damages might be recovered, it is true that the amount of damages laid in the ad damnum will, unless it is apparent from the allegations in the declaration that no such sum can be recovered, determine the amount in controversy for jurisdictional purposes; but in ejectment, unless special acts of damage are pleaded in the declaration, the damages are merely nominal, and, supposing a suit were brought for the recovery of the possession of real estate of the value of $1,000, and the damages were laid in the ad damnum at $2,000, the Circuit Court of the United States would, under all the decisions, be without jurisdiction, because the real amount in controversy would be less than the sum of $2,000.

What, then, is meant by the "amount in controversy"? Is it that for which the plaintiff bona fide sues, or only that which may be left in dispute after the answer of the defendant? If the latter, then if a plaintiff were to sue upon an open account aggregating $2,500, and defendant were to answer that he did not dispute $1,500 of the account, and offer to pay that, but defended as to $1,000 of the account, such answer should serve to divest the court of jurisdiction; but, as we know, that is not the case. The only effect of such answer and tender is to prevent the plaintiff from recovering costs, in the event that he fails to recover more than the amount admitted to be due. In Smith v. Adams, 130 U. S. 167, 9 Sup. Ct. 566, 32 L. Ed. 898, Mr. Justice Field, in discussing the general question of the amount in controversy for jurisdictional purposes, says:

"By 'matter in dispute' is meant the subject of litigation, the matter upon which the action is brought and issue is joined, and in relation to which, if the issue be one of fact, testimony is taken. It is conceded that the pecuniary value of the matter in dispute may be determined, not only by the money judgment prayed, where such is the case, but in some cases by the increased or diminished value of the property directly affected by the relief prayed, or by the pecuniary result to one of the parties immediately from the judgment. Thus a suit to quiet the title to parcels of real property, or to remove a cloud therefrom, by which their use and enjoyment by the owner are impaired, is brought within the cognizance of the court, under the statute, only by the value of the property affected."

These remarks will apply as well to cases of ejectment as to bills to quiet title or remove clouds therefrom. As the latter are appropriate remedies by a plaintiff in possession to prevent and end the im-

pairment of his use and enjoyment of his property, so the former is the appropriate legal remedy by the owner out of possession to recover it and end the trespass upon it. The plaintiff's right to sue is anterior to any defense which the defendant may make, and must depend upon the situation and condition of things when the action is instituted. It cannot be made to depend on the defense which defendant may elect to set up. Tennessee v. Union & Planters' Bank, 152 U. S. 454, 14 Sup. Ct. 654, 38 L. Ed. 511. If a landowner finds a trespasser upon his land, he is entitled to sue for the possession of his property. It is not incumbent upon him to ascertain what portion of his tract is being claimed by the trespasser. He is entitled to declare for his whole tract. Can it be that his right to sue in a court can be made to depend upon the subsequent statement of defendant that he does not claim all, but only a part, of the plaintiff's tract? Clearly, under the authority of Tennessee v. Bank, supra, it cannot.

In Boston, etc., v. Montana, etc., 188 U. S. 632, 23 Sup. Ct. 434, 47 L. Ed. 627, it was held that:

"Jurisdiction, if conferred on the Circuit Court of the United States by averments in the bill as to the defense which defendants intend to answer, is ousted by the filing of answers which disclaim any intention of relying on such defense."

There are some cases where, in order to confer on the Circuit Court of the United States jurisdiction to hear a case, it is necessary for the plaintiff to set up in his complaint the defense which the defendant will make. Such, for example, are cases between citizens of the same state claiming lands under grants from different states. Here it is necessary for the plaintiff, in order to create a jurisdiction, to declare that the defendant claims the land by virtue of a grant from a state other than that under whose grant the plaintiff claims. If, now, the defendant in his answer negatives the allegation of the plaintiff that he (defendant) claims under a grant from such other state, the apparent jurisdiction conferred under the complaint is ousted. It will be seen that this class of cases is only a seeming, and not a real, exception to the rule that jurisdiction cannot be ousted by the defense which defendant may choose to make.

Another thought comes to me along the line of Mr. Justice Field's remarks in the case of Smith v. Adams, supra. If I own 1,000 acres of land, and find another in possession of and claiming 100 acres therein, the possession of this 100 acres is, as to me, a disturbance of my possession to my 1,000-acre tract. I have no 100-acre tract possessing a value as 100 acres, but I have 1,000 acres, the value of all of which may be impaired to me by the unlawful possession of this 100 acres, part thereof, by the defendant; and my loss of the possession of this 100 acres might, and often would, affect the free use and enjoyment of the entire remainder of my tract. So that the 100 acres, which to the defendant might seem the matter in dispute, would in the eyes of the plaintiff not be the matter in dispute, inasmuch as the value of his possession of the remainder of his tract was injuriously affected by the possession of the 100 acres by the defendant, and the matter in dispute from the standpoint of the plaintiff would be his

right to the undisturbed possession of his 1,000-acre tract. Something of this kind seems to have been in the mind of the court in Lanning v. Dolph et al., Fed. Cas. No. 8,073, decided by the Circuit Court for the Eastern District of Pennsylvania in 1826. In this case the action of ejectment was first dismissed upon plea to the jurisdiction, because the declaration failed to state that the value of the land sued for was above $500. On motion of the plaintiff to reinstate the action with leave to supply the omission by amendment, the defendant objected, and offered to show by affidavits, in support of his objection, that the value of the land in the possession of the defendant, Dolph (being only a part of the land sued for), was not of the value of $500. The court (Mr. Justice Washington) said:

"Were the court to refuse the amendment for the reasons assigned, we should be led to prejudge the very question in controversy, which is whether the whole 430 acres mentioned in the declaration, or the part thereof in possession of Dolph, constitutes the matter in dispute. The affidavit refers to the latter only."

The court thereupon permitted the plaintiff to amend his declaration, but seems to have been in some doubt, as the quotation indicates, as to whether, in such a case, the dispute or controversy extended to all the land sued for by the plaintiff, or only to that portion in the possession of the defendant.

But, whatever the doubts of Mr. Justice Washington may have been, I find that the Supreme Court of the United States as early as 1814, had passed upon this question, and I cannot find that its unanimous decision has ever been overruled or doubted. In Green v. Liter and others, 8 Cranch, 229, 3 L. Ed. 545, the direct question here involved was certified by the Circuit Court for the Kentucky District upon the question of jurisdiction upon a writ of right (which has been superseded in West Virginia by the action of ejectment). The question relating to jurisdiction was certified in the following language:

"(1) Has the Circuit Court of the United States jurisdiction in a writ of right, where the land claimed by the demandant is above the value of $500, but the tenement claimed by the tenant is of less value than $500?"

This question was answered by the Supreme Court, speaking by the mouth of the learned Mr. Justice Story, as follows:

"As to the first question, we are satisfied that the Circuit Court had jurisdiction of the cause. Taking the eleventh and twentieth sections of judiciary Act Sept. 24, 1789, c. 20, 1 Stat. 78. 83, in connection, it is clear that the jurisdiction attaches where the property demanded exceeds $500 in value, and if upon the trial the demandant recover less, he is not allowed his costs, but, at the discretion of the court, may be adjudged to pay costs."

The provisions of sections 11 and 20 of chapter 20, Act Sept. 24, 1789, 1 Stat. 78, 83, are still embodied in the Revised Statutes of the United States, except as the same have been modified by Act March 3, 1887, c. 373, 24 Stat. 555, increasing the jurisdictional value of the subject-matter of suits to an amount exceeding $2,000, instead of $500, and are found in sections 629 and 968, Rev. St. U. S. [pages 503, 702, U. S. Comp. St. 1901].

I regard the decision of the Supreme Court in Green v. Liter et al. as binding authority, and accordingly the motion to strike out the plea to the jurisdiction, interposed by the defendant W. K. Clay, is sustained, with leave to the defendant to plead over at July rules, 1904.