### SQUIRE v. ROBERTSON.

(Circuit Court, D. South Dakota, S. D. November 2, 1911.)

1. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—AMOUNT OR VALUE IN DISPUTE.

A suit based on a contract for the sale of land by complainant to defendant to be paid for in installments, in which complainant alleges payment of certain installments and nonpayment of others due, and prays that the court ascertain the amount due and to become due thereon and fix a time for its payment, in default of which defendant "be foreclosed of all right or title to, interest in, or lien upon said land," is not one of foreclosure in the ordinary sense to enforce payment of a debt secured by a lien, by taking and selling the property, but one to determine the legal and equitable rights of the parties in the land, and the amount or value involved, for the purpose of determining the jurisdiction of a federal court, is not the amount due on the contract, but the value of the land, which is the subject of the suit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 890–896; Dec. Dig. § 328.*

Jurisdiction of Circuit Courts as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459; O. G. Lewis Mercantile Co. v. Klepner, 100 C. C. A. 288.]

2. WORDS AND PHRASES—"FORECLOSE."

To "foreclose" means to shut out, to bar.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 3, p. 2878.]

Suit by M. Squire against W. H. Robertson. On motion to remand to state court. Motion overruled.

Campbell & Walton, for plaintiff.

F. F. Grant, Albert C. Steck, and Chester W. Whitmore, for defendant.

ELLIOTT, District Judge. On the 24th day of June, A. D. 1911, the plaintiff above named commenced an action in the circuit court of

Edmunds county, S. D., against the defendant, W. H. Robertson. Summons was issued on that date, and the same, together with the complaint and proof of service upon the defendant, W. H. Robertson, at the city of Ottumwa, county of Wapello, in the state of Iowa, on the 1st day of July, 1911, were duly filed in the office of the clerk of the circuit court in and for said Edmunds county, S. D., on the 10th day of July, A. D. 1911.

Thereafter, and in due time, the defendant, W. H. Robertson, by his attorneys above named, filed a petition in due form, for the removal of said cause, together with a proper bond, and prayed that said court proceed no further in said action, except to make an order of removal thereof to the Circuit Court of the United States for the District of South Dakota, Northern Division. Said petition recited, in substance, that the said action was of a civil nature; that the matter in dispute between the parties to said action exceeded the sum of $2,000, exclusive of interest and costs; that the controversy in said action and all issues of both law and fact were wholly between citizens of different states, and which can be fully determined between them; that the plaintiff was a citizen and resident of the state of South Dakota, and defendant a citizen and resident of the state of Iowa; that the time to answer or plead had not expired.

Thereafter said bond was duly approved and an order of removal entered and a copy of the record duly transmitted by the clerk of the said state court to the clerk of the United States Circuit Court for said district.

Thereupon the attorneys for the plaintiff moved the court and were granted an order to show cause why an order should not be made by this court remanding said cause to the circuit court in and for Edmunds county, in the Tenth judicial circuit of the state of South Dakota, for trial, which order to show cause was duly served upon the defendant and his attorneys, who appeared on the date named therein and resisted remanding said cause to the state Circuit Court for trial.

The plaintiff states his cause of action as follows (omitting title):

The plaintiff for his cause of action shows to the court:

(1) That he is and was at all the times hereinafter mentioned engaged in the real estate business at Aberdeen, S. D., and doing business under the name and style of Squire Land & Loan Company.

(2) That on June 10, 1910, he was the owner of the following described real estate, to wit, The west half of section twenty-two (22), in township one hundred twenty-three (123), north, of range sixty-six (66) west, in Edmunds county, South Dakota, and still is the owner of the same. That on June 10, 1910, he entered into a contract with the defendant for the sale to the defendant of the above-described real estate, which contract was in writing, and is in words and figures as follows, to wit:

"Earnest Money Contract of Sale.

"June 10, 1910.

"Received from W. H. Robertson of Ottumwa, Iowa, note due demand; cash, $500, total, $——, as earnest money and in part payment for the purchase of the following described property, situated in the county of Edmunds and state of South Dakota, viz.:

"The west half of section twenty-two (22), township one hundred twenty-three, range sixty-six, which we have this day sold and agreed to convey to

said W. H. Robertson for the sum of twelve thousand eight hundred dollars ($12,800) on terms as follows, viz.:

$500 in hand paid as above, and
$1,000 in 15 days;
$1,000 in 30 days;
$1,000 Jan. 1, 1911;
$1,000 June 10, 1911;
$1,000 June 1, 1912;
$1,000 June 1, 1913;
$2,300 June 1, 1914;

$4,000 mortgage assumed running 5 years, and drawing 6½%, ½% to be rebated with interest in deferred payments at 6% per cent. from date, payable annually.

"Interest to commence from date of this contract. Purchaser assumes taxes as they come due after the date of this contract. When final settlement is made warranty deed is to be furnished, and also an abstract showing good title to said land.

"In case any property is taken as a partial payment on above described land, same is subject to investigation and acceptance of M. Squire.

"And it is agreed that if the title to said premises is not good and cannot be made good within ninety days from the date when the deed is to be delivered, this agreement shall be void, and the above earnest money refunded. But if the title to said premises is then good, in the name of the grantor, and said purchaser refuses to accept the same, said earnest money shall be forfeited to the Squire Land and Loan Co. as liquidated damages.

"And said sale in all its terms and conditions as herein contained is made subject to the approval of the owner of said land, and should he disapprove of the same, then and in that case, the funds paid shall be returned and Squire Land and Loan Co. released from any liability.    Squire Land and Loan Co.
"Drawn by M. Squire.

"I hereby agree to purchase the said property for the price and upon the terms mentioned, and also agree to the conditions of forfeiture and all other conditions therein expressed.    W. H. Robertson. [Seal.]"

(3) That said defendant at the time of the execution of said contract paid to the plaintiff the sum of five hundred ($500.00) dollars to apply thereon, and later made the payment of one thousand ($1,000.00) dollars provided in said contract to be paid fifteen (15) days after the date thereof, and still later paid to the plaintiff the further sum of one thousand ($1,000.00) dollars provided in said contract to be paid in thirty days after the date thereof, making in all the sum of twenty-five hundred ($2,500.00) dollars paid by said defendant upon said contract.

(4) That the defendant has wholly failed and neglected to pay the sum of one thousand ($1,000.00) dollars and interest thereon which became due under the terms of said contract, on January 1, 1911, and has wholly failed and neglected to pay the sum of one thousand ($1,000.00) dollars with interest thereon, or any part thereof, which became due under the terms of said contract, on June 10, 1911, and that there is now due and unpaid from the defendant to the plaintiff under the terms of said contract the sum of two thousand ($2,000.00) dollars, with interest thereon from June 10, 1910, at the rate of six (6%) per cent. per annum, making in all now due and unpaid under the terms of said contract the sum of two thousand one hundred twenty-four and 34-100 ($2,124.34) dollars; and there is to become due thereon, pursuant to the terms of said contract, the further sums of:

$1,000.00 on June 1, 1912, with interest thereon at 6% from June 10, 1910.
$1,000.00 on June 1, 1913, with interest thereon at 6% from June 10, 1910.
$2,300.00 on June 1, 1914, with interest thereon at 6% from June 10, 1910.
And a mortgage for $4,000.00 upon said land assumed by the defendant.

(5) That plaintiff is ready, able, and willing to, and has up to this time complied with all the conditions of said contract by him to be performed, and that demand has been made upon the defendant to pay the amounts now past due, which demand he has failed, neglected, and refused to comply with.

(6) That no proceedings at law or otherwise have been had for the collec-

tion of the amount due the plaintiff from the defendant under the terms of said contract.

Wherefore the plaintiff demands judgment that the court determine and adjudge the amount due from defendant to the plaintiff under the terms of said contract, with interest to date of such judgment, and also the amount to become due thereunder, and that the defendant be adjudged and required to pay to the plaintiff the amount so adjudged and found to be due from the plaintiff to the defendant under said contract within a time to be fixed and determined by said court, and that unless said amount with interest accruing thereon be paid within the time so fixed, that the defendant be foreclosed of all right or title to, interest in, or lien upon said land, and adjudged to have no further interest therein or lien thereon. and for such other and further relief as to the court may seem just, and for the costs and disbursements of this action.                                A. W. Campbell,

Dated June 24th, 1911.                                Plaintiff's Attorney,
                                                    Aberdeen, S. D.

[1] Upon this motion to remand there is no question raised, except the single contention that this is a suit of a civil nature, where the matter in dispute does not exceed, exclusive of interest and costs, the sum or value of $2,000, and therefore that this court has no jurisdiction.

It is conceded that to give this court jurisdiction the matter in dispute must exceed the sum or value of $2,000, exclusive of interest and costs. At the very beginning, I may say that the sum or value really in dispute between the parties in this case before this court, as shown by the whole record, is the test of its jurisdiction, without regard to the collateral effect of a judgment in this case in another suit between the same or other parties. Elgin v. Marshall, 106 U. S. 578, 1 Sup. Ct. 484, 27 L. Ed. 249; Hilton v. Dickinson, 108 U. S. 165, 2 Sup. Ct. 424, 27 L. Ed. 688; N. J. Zinc Co. v. Trotter, 108 U. S. 564, 2 Sup. Ct. 875, 27 L. Ed. 828; Bradstreet Co. v. Higgins, 112 U. S. 227, 5 Sup. Ct. 117, 28 L. Ed. 715; Gibson v. Shufeldt, 122 U. S. 27, 7 Sup. Ct. 1066, 30 L. Ed. 1083.

I may state at the outset that if the object of the suit was simply to apply property worth more, to the payment of a debt for less, than the jurisdictional amount, it would then be the amount of the debt and not the value of the property that would determine the jurisdiction of this court. This principle is illustrated in many reported cases.

The contention of the plaintiff and petitioner is: That the foregoing is a statement of a cause of action upon a written contract by the terms of which plaintiff agreed to sell to defendant a half section of land in Edmunds county, S. D., and the defendant, on his part, agreed to make certain payments therefor. That he agreed to pay $1,000 on January 1, 1911, and $1,000 on June 10, 1911. That he defaulted in these two payments of $1,000 each, and after June 10, 1911, this action was brought to *foreclose* the same, alleging that there was $2,000 and interest due and unpaid thereon. Plaintiff now contends that this was intended to be and is a straight simple action of foreclosure.

With this contention I cannot agree. I do not deem it necessary to at this time pass upon the sufficiency of the allegations of the complaint to state a cause of action. Suffice it to say that in my judgment neither the allegations of the complaint nor the prayer denote either the right or the intention on the part of the plaintiff to bring an action

of foreclosure under the meaning of the term "foreclosure" as applied to any of the various methods, statutory or otherwise, known in this jurisdiction, of enforcing payment of a debt, secured by a mortgage or lien, by taking and selling the estate. In Black's Law Dictionary the word "foreclosure" is also defined as follows: To shut out, to bar.

That this action is not a foreclosure under the laws of the state, for the purpose first above set forth, is, in my judgment, clear, not only from an inspection of the allegations of the complaint itself, but that the plaintiff did not believe it belonged to that class of cases is evidenced by the prayer in the following language:

"Wherefore, the plaintiff demands judgment that the court determine and adjudge the amount due from defendant to the plaintiff under the terms of said contract, with interest to date of such judgment, and also the amount to become due thereunder, and that the defendant be adjudged and required to pay to the plaintiff the amount so adjudged and found to be due from the plaintiff to the defendant under said contract within a time to be fixed and determined by said court, and that unless said amount, with interest accruing thereon, be paid within the time so fixed, that the defendant be foreclosed of all right or title to, interest in, or lien upon said land, and adjudged to have no further interest therein, or lien thereon."

It is not a prayer for judgment for the $2,000 and interest, neither is it a prayer based upon proper allegations for the entry of judgment therefor, the issuance of an execution that the property be sold and the proceeds applied to the payment of the moneys secured thereby, and that at the expiration of the year of redemption that a deed issue therefor, in case of the failure of the plaintiff to redeem, pursuant to the statutes of the state of South Dakota relative to procedure upon foreclosure.

[2] If it can be considered an action to "foreclose" this contract, it is only because the relief prayed for is within the second definition above set forth, and the demand of the plaintiff is that the court ascertain the amount that is due, under the terms of the contract, with interest, and also the amount to become due thereunder, and that the defendant be adjudged and required to pay to the plaintiff the amount so adjudged and found to be due, under the contract *within a time to be fixed and determined by said court and unless said amount, with interest accruing thereon be paid within the time so fixed that the defendant be foreclosed* (in other words, be shut out and barred) *of all right or title to, interest in or lien upon said land.*

My own construction of the rights of the parties to this contract in this action, and the purpose of the action, is based entirely upon the allegations of the complaint, because it is upon these allegations, independent of the demand or prayer of the plaintiff, that the jurisdiction of this court must be determined. I only refer to the demand or prayer for judgment of the plaintiff in this complaint for the reason that it appeals to me as an index to the thought of the pleader as to the purpose of this action when the complaint was drawn.

It was not contended that this is an action at law for the recovery of the sum of $2,000 and interest thereon. The determination of the rights of the plaintiff in this case, regardless of the rights of the defend-

191 F.—47

ant as they may hereafter appear by answer, upon the face of the pleading, in my judgment, presents issues, the determination of which must adjust the legal and equitable claims of the parties to the subject of the suit. The subject of the suit is the land described in the complaint which it is alleged the plaintiff owned at the time of the contract and still owns, and is, under the terms of the contract, of the value of $12,800.

Whether this is an action for specific performance or an action to adjust the legal and equitable claims of the parties, plaintiff and defendant, to this real estate, under the terms of this contract, in the light of what has been done by both of them under it, is in my judgment immaterial. The effect of a judgment in this particular case, under the allegations of the complaint herein, as I construe the complaint, and as I believe was intended and interpreted by the plaintiff, as is evidenced by the prayer of the complaint, must necessarily be an adjustment of the legal and equitable-claims of the parties to the subject of the suit, which is the real estate described in the complaint, and of the agreed value of $12,800. Stinson v. Dousman, 20 How. 61 U. S. 461, 15 L. Ed. 966; Anderson v. Gerding, 3 Woods, 491, Fed. Cas. No. 356.

It follows from the foregoing that it is my judgment that this court has jurisdiction of this case, and that the motion to remand should be denied, and it is so ordered.