## FRONTERA TRANSPORTATION CO. v. ABAUNZA.

(Circuit Court of Appeals, Fifth Circuit. March 5, 1921.)

No. 3484.

1. **Equity ☞32—That mortgaged property is in foreign country does not exclude jurisdiction to cancel mortgage.**

   A federal court of equity *held* to have jurisdiction of a suit to cancel a mortgage on real estate in Mexico, where complainant was a citizen and defendant an alien residing and served in the district of suit.

2. **Courts ☞328(2)—In suit to remove cloud on title, value of property determines jurisdiction.**

   In a suit to obtain cancellation of a mortgage as a cloud on the title of property alleged to exceed in value $3,000, the value of the property and not the amount conceded to be due and tendered in payment of the mortgage *held* the amount in controversy for the purpose of federal court jurisdiction.

3. **Courts ☞37(3)—Objection to jurisdiction waived by answering after motion to dismiss.**

   A defendant, who, though moving to dismiss on the ground that the bill did not show the jurisdictional amount involved, did not ask a hearing on the motion, but answered, claiming a much larger amount, and obtained a decree in his favor, from which he does not appeal, cannot insist on want of jurisdiction.

4. **Judgment ☞21—Amount must be stated in United States money.**

   A federal court *held* without authority to render a judgment for a sum in money of a foreign country, or otherwise than in money of the United States.

Appeal from the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Suit in equity by the Frontera Transportation Company against Gonzalo Abaunza. Decree for defendant, and complainant appeals. Affirmed in part, and reversed in part.

Edwin T. Merrick, Ralph J. Schwarz, and Morris B. Redmann, all of New Orleans, La., for appellant.

W. J. & H. W. Waguespack, of New Orleans, La., for appellee.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. Frontera Transportation Company filed its bill in the United States District Court for the Eastern District of Louisiana, seeking to restrain the enforcement of a mortgage executed by it to Gonzalo Abaunza, covering certain property worth much more than $3,000, to declare said mortgage canceled as constituting a cloud on the title to the property described therein, and for general relief. The complainant was a citizen of South Dakota, and the defendant, an alien, permanently resided in the Eastern District of Louisiana, and was personally served with subpœna. The property was located outside of the United States, in Mexico.

The bill averred the creation of the mortgage to secure a debt for over 86,000 pesos of Mexican money, and that it had been paid, except 42,479.50 pesos, Mexican money, principal. A tender of the

principal and interest due in Mexican money and its wrongful refusal were alleged. It was also alleged that the mortgage gave to the complainant the right to tender an amount in American money equivalent at the rate of exchange quoted, on the day of payment, by the Banco Mercantil de Vera Cruz or the Banco de Londres y Mexico, located at Vera Cruz, Mexico, and that complainant on June 14, 1915, tendered $600 for the principal and interest then due, being the amount in American money then equivalent at said rate of exchange for said Mexican pesos then due, which was then and there refused by the defendant, and complainant immediately deposited said sum of money with the Commercial National Bank in New Orleans, La., to the credit of the defendant, and has left it so deposited until the day of filing this suit, and now tenders said sum in court; that it has demanded of defendant the cancellation of said mortgage and the return of said notes, but defendant refuses to so cancel, or return same, and threatens to institute legal proceedings in the republic of Mexico to foreclose said mortgage; that the existence of said mortgage is a slander and cloud on the title to said property, which is worth well above the sum of $3,000.

The defendant filed an answer, in which he moved to dismiss said bill for want of jurisdiction, on the grounds: (a) That the suit is to remove a cloud and to cancel a mortgage, and is therefore one in rem of a local nature, and triable only in the country where the property is situated. (b) That if not a suit in rem, and if triable by this court, the test of jurisdiction is not the value of the property in Mexico, or of its use or enjoyment in Mexico, but the value of the notes and mortgage, which complainant states to be $600, which value it fixes at $600, and that the jurisdictional amount is therefore to be taken as less than $3,000. He also denied the making of a sufficient tender, averring that the pesos tendered were not a legal tender, and that the sum of American money equivalent to the legal tender Mexican pesos was $23,646.92. He prayed that a judgment for the sum due to him be decreed to be paid in American money, and that unless so paid in 30 days the plaintiff be enjoined from disposing of the mortgaged property or taking any proceedings to cancel said mortgage.

Considering the motion to dismiss:

[1] 1. If the property was within the jurisdiction of the United States, its statutes prescribing in which one of its courts the case should be filed would control as to jurisdiction between such courts. But where the property is wholly outside of the United States, and jurisdiction in personam of the defendant can be had, with personal service, the complainant being a citizen and the defendant an alien, the complainant is entitled to try his cause in the United States, and the existence of a right to resort to a foreign court is no answer to his complaint.

It is well settled that where a court of equity acquires jurisdiction by personal service, it can proceed in personam to compel the defendant to do all things necessary, in a case where the res is beyond the territorial jurisdiction of the court. Cole v. Cunningham, 133 U. S.

107, 117, 119, 10 Sup. Ct. 269, 33 L. Ed. 538. The location of the property in Mexico, therefore, does not defeat the jurisdiction of the District Court.

[2] 2. The suit in this case is not a suit to recover $600, but to remove a cloud on the title to a piece of property. The averments of the bill concerning the $600 are the statements of the complainant of what it concedes it should pay in order to do equity as a prerequisite to getting the relief it seeks; i. e., the removal of the cloud on its title. If, instead of the bill averring that plaintiff had tendered, and complainant had refused, the sum now tendered, it had averred that defendant had received this sum which complainant averred was all that was due, but wrongfully refused to surrender plaintiff's notes, or to cancel this mortgage, and that this operated as a cloud on and slander of the title, the property being worth well above $3,000, it could not have been claimed that this was a suit in which the averments of the plaintiff showed that no value was involved.

Here a decree is sought to prevent the defendant from using his mortgage and these notes for any purpose, and to clear up the title to this entire property, which is alleged to be worth much more than $3,000. Where a suit was brought to clear a title and set aside a deed of trust and vacate a deed executed to a purchaser, under a foreclosure, and, if this was not done, then to allow complainant to redeem on payment of the mortgage debt, interest, and costs (less than the jurisdictional amount), the value of the lands, not the amount required to redeem, is the amount in controversy. Greenfield v. United States Mortg. Co. of Scotland (C. C.) 133 Fed. 784; Squire v. Robertson (C. C.) 191 Fed. 733; Lehigh Co. v. New Jersey Co. (C. C.) 43 Fed. 547.

[3] 3. In this case the defendant, while moving in its answer to dismiss the bill on the ground that the same does not show the jurisdictional amount, has also by the same answer, which, in this, is strictly responsive to the bill, averred the fact that the amount of the mortgage debt involved exceeds greatly the sum necessary to give jurisdiction, and has had a finding by the court that the amount necessary for a tender is over $5,000. It has sought a decree in its favor and has secured the same. As was said by the District Court, while having the right to insist on a hearing, separately, of its motion to dismiss the bill because of its alleged failure to show the requisite jurisdictional amount the defendant did not ask such hearing, but proceeded to the introduction of testimony without invoking such ruling or the exercise of the court's discretion.

It is not now presenting any cross appeal, but seeks an affirmance of the decree dismissing the bill on its merits, and awarding it a decree on its own prayers for relief. The defendant is not in a position now to insist that the amount in controversy does not exceed the sum of $3,000, exclusive of interest and costs. Boyd v. New York & H. R. Co. et al. (D. C.) 220 Fed. 174, 178, 179.

4. We agree with the lower court that the plaintiff was not entitled to tender the character of pesos tendered at par, or the equivalent in American money of this amount of such pesos, in payment of its

debts. There is sufficient evidence to sustain the finding of fact that such pesos, even if received in payment of debts in Mexico, were never received at par with the Mexican pesos based on metallic money which were recognized as constituting legal tender at par, and that the court correctly found that no sufficient tender of the debt, still due on the notes secured by the mortgage, had been made to entitle the complainant to a decree requiring the defendant to cancel and surrender said notes and mortgage. The decree of the District Court dismissing the plaintiff's bill should be affirmed, as the court found that he had failed to show a sufficient tender to entitle him to any part of the relief prayed.

[4] The plaintiff has no prayer asking that the sum found due on the mortgage be fixed and he be allowed to pay the same. The defendant by his answer in the nature of a cross-bill prayed for a decree ascertaining in American money the sum due and seeking a decree therefor. The decree is for Mexican pesos, with no finding of their equivalent value in legal tender of the United States. We do not think that the court has the right to render a judgment in Mexican pesos or otherwise than in money of the United States of America. The court should have either found what sum in American money the plaintiff should pay, or should have declined to render a decree for affirmative relief for the defendant, if the proof was not sufficient to enable such finding to be made. So much of the decree therefor as finds in favor of the defendant the sum of 42,479.50 Mexican pesos, with interest as stated, and directs the plaintiff to pay the same, and on default thereof awards an injunction against the plaintiff, is reversed; in other respects, it is affirmed, the costs of appeal to be equally divided between appellant and appellee.