## THE FRANKMERE.*

### GANS STEAMSHIP LINE v. ARNOT et al.

(Circuit Court of Appeals, Fourth Circuit. November 1, 1921.)

No. 1873.

Admiralty ⇐124—Premium on bond not taxable as costs without statute.

The premium on the bond given for the release of a vessel cannot be taxed as costs, in the absence of a statute or rule to that effect.

Cross-Appeals from the District Court of the United States for the Eastern District of Virginia, at Norfolk; Edmund Waddill, Jr., Judge.

Libel by the Gans Steamship Line against the British steamship Frankmere, George H. Arnot, master and claimant, and the Palace Shipping Company, Limited. From a decree dismissing the libel (262 Fed. 819), both parties appeal. Affirmed.

John W. Griffin, of New York City (Wharton Poor and Edward Sandford, both of New York City, Hughes, Little & Seawell, of Norfolk, Va., and Haight, Sandford, Smith & Griffin, of New York City, on the brief), for appellant and cross-appellee.

John M. Woolsey, of New York City (Floyd Hughes, of Norfolk, Va., on the brief), for appellees and cross-appellants.

Before KNAPP and WOODS, Circuit Judges, and WATKINS, District Judge.

WOODS, Circuit Judge. On the 28th day of October, 1913, in the city of New York, the Palace Shipping Company chartered, under the ordinary time charter, the British steamship Frankmere for a period of 3 years from the delivery of the steamer, for the sum of 1,560 pounds a month. The steamship was delivered on the 30th of November, 1913. The flat 3-year period expired November 30, 1916, and, under the overlap of the original charter party, the charterers would have had the right under an option to keep the vessel 45 days longer. The ship entered at once in the transatlantic trade on November 30, 1913, and so continued from that date until the 4th day of May, 1915, when she was requisitioned by the British admiralty. On the 7th day of May, 1915, upon coming out of dry dock at Genoa, over the protest of Gans Steamship Line, the libelant, duly made to the respondent, the ship was formally taken possession of by the British government, and thenceforth continuously used by it for a period beyond the expiration of the life of the charter. The government paid the owner for the use of the ship considerably more than the charter hire.

In its libel, filed July 17, 1915, the charterer alleged breach of the charter party by the owner, and claimed as damages the difference between the market value of the use of the ship for the unexpired time and the hire it had agreed to pay. The appeal is from the decree of the District Court dismissing the libel. The case is not distinguish-

⇐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

*Certiorari denied 257 U. S. —, 42 Sup. Ct. 270, 66 L. Ed. —.

able from Isles Steamshipping Co. v. Gans Steamship Line, 278 Fed. 131. The opinion filed herewith in that case disposes of the merits of this.

Error is assigned by the master and owner of the Frankmere in the refusal of the District Court to tax as costs $3,000, premium on the bond given for the release of the vessel. We agree with the District Court that, in the absence of a statute or rule on the subject, such a disbursement cannot be taxed. The Texas, 226 Fed. 897, 141 C. C. A. 501; Parkerson v. Borst, 256 Fed. 827, 168 C. C. A. 173.

The decrees of the District Court are affirmed.