216

## CROWE v. PEASLEE-GAULBERT CO.

Circuit Court of Appeals, First Circuit. January 15, 1930.

No. 2375.

Anderson, Circuit Judge, dissenting.

Edward J. Flynn and Augustus L. Baker, both of Boston, Mass., for appellant.

John Sherburne, Jr., of Boston, Mass. (Stuart C. Rand, of Boston, Mass., on the brief), for appellee.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

WILSON, Circuit Judge. An appeal from an order of the District Court allowing certain items of costs in a replevin suit between the appellee and the appellant.

The appellee brought an action of replevin to recover certain merchandise, to the possession of which it alleged it was entitled, of the alleged value of $35,000. Before the marshal was permitted to deliver possession to the plaintiff in the replevin suit, he was required under section 8 of chap. 247, G. L. Mass.; Wolcott v. Meed, 12 Metc. (Ky.) 516; Steur v. Maguire, 182 Mass. 574, 576, 66 N.

E. 706; Hamberger v. Seavey, 165 Mass. 505, 43 N. E. 297, to take a bond from the plaintiff in the penal sum of double the value of the goods, at an expense for a premium on a surety bond of $600. Failing to agree with the defendant on the value of the goods, appraisers were appointed by the marshal, who appraised the goods as of the value of $30,000.

The goods were then in storage in the warehouse of the defendant, and pending their removal, which required several days, the marshal appointed a keeper at an expense of $45, and employed assistance in removing the goods and loading them into freight cars at an expense of $655.

The case was heard, and the question, "Did the defendant wrongfully detain the goods?" was submitted to the jury for a special finding.

The jury answered this question in the affirmative, and the justice presiding ordered a verdict for the plaintiff and for one dollar as damages, whereupon judgment was entered for the plaintiff for one dollar as damages and its costs of suit. From this judgment no appeal was taken.

On an application for taxation of costs by the clerk, a hearing was had at which both parties were represented. The defendant objected to the taxation of any costs under section 968, U. S. Rev. St. (28 USCA § 815), on the ground that the plaintiff recovered less than $500 as damages.

The clerk held that the judgment was for the recovery of the goods as well as for damages, and the value of the goods having been appraised at $30,000, the case was clearly within the jurisdiction of the federal courts and costs followed for the successful party, and proceeded to tax the costs according to the usual schedule of fees, so far as they were specifically applicable, and allowed such other items as he found to be in accordance with the practice in that court, and he deemed to be reasonable.

Certain items claimed by the plaintiff as proper taxable costs were objected to by the defendant, viz., an item of $94.90 as a witness fee and travel for one Kelly from Kentucky to Boston; the sum of $45 as keeper's fees; the sum of $600 as premium on the bond; and the sum of $655 for assistance in removing the goods from defendant's warehouse.

The clerk allowed the witness fee of the witness Kelly, he having filed the usual affidavit that the expense was incurred for the sole purpose of testifying in the case, and also the premium on the bond on the ground

that the plaintiff under the laws of Massachusetts was required to furnish it in order to prosecute his action. The clerk, however, rejected the two items for the keeper's fees and for the expense of removing the goods from the warehouse.

To this taxation of costs by the clerk, both parties filed objections with the District Court, the defendant assigning as reasons: The allowance of any costs and particularly to the items of $600 as premium on the surety bond; the plaintiff basing its objections on the ground of the rejection of the two items for the keeper's fees and the expense of removing the goods from the defendant's warehouse.

The cause was submitted to the District Court on the clerk's report of taxation of the costs and the objections thereto filed by both parties. The court thereupon sustained the clerk generally as to the allowance of costs in the action, and specifically for the allowance of the item for the expense of the surety bond, and also allowed the two items disallowed by the clerk for the keeper's fees and the expense of removal of the goods.

The case is now before this court on an appeal by the defendant from the rulings of the District Court.

The right of the prevailing party in suits at common law in the federal courts to recover costs is now firmly established, unless prohibited or restricted by some federal statute. United States v. Minneapolis, St. P. & S. S. M. Ry. Co. (D. C.) 235 F. 951; Primrose v. Fenno et al. (C. C.) 113 F. 375; Merritt v. Merritt (D. C.) 20 F.(2d) 541; Sears, Roebuck & Co. v. Pearce (C. C. A.) 253 F. 960, 962.

The appellant's chief grounds of complaint against the allowance of any costs appears to be: That he never wrongfully detained the goods; that in replevin actions when the verdict is for the plaintiff, the only judgment under Massachusetts statutes and practice is for damages for detention and costs; and that section 968, R. S. (28 USCA § 815), prohibits costs unless at least $500 is recovered as monetary damages.

The appellant, however, is bound by the jury's finding that there was an unlawful detention; and while under the modern statutory action of replevin, when the verdict is for the plaintiff, the only judgment entered on the records is for damages for detention and costs, the issue which first determines the rights of the parties is: Who is entitled to the possession of the goods? If the plaintiff, is found to be entitled to possession and

there was unlawful detention, then he is entitled to retain the goods and to damages for detention and costs. By his replevin action a plaintiff is seeking first to recover possession of his goods, and a verdict of the jury in his favor entitles him to retain them.

Having recovered his goods, the only part of the verdict which may require execution to issue is the award of damages for detention and the recovery of his costs. A judgment for his damages for detention and his costs, therefore, is all that is necessary to be entered on the rolls of the court, and according to the common practice is all that is entered where the verdict is for the plaintiff. Section 6, chap. 261, Gen. Laws Mass. 1921; section 13, chap. 247, Gen. Laws Mass. 1921; Hallett et al. v. Fowler, 8 Allen (Mass.) 93, 94; 28 U. S. C. A. § 724.

Matters off the record are no answer to the right of the plaintiff in this action to recover costs; nor—after suit is brought—to deny by answer unlawful detention and allege that the right of the plaintiff to possession of the goods was always conceded. The issue in this case under the pleadings was: Did the defendant, prior to the issuing of the writ, unlawfully detain the goods and so deny the plaintiff the right of possession? That was the issue submitted to the jury which was decided in favor of the plaintiff. Upon the record, therefore, he forced the plaintiff to bring its writ of replevin to recover possession.

Damages for detention in replevin actions are never made the ground for jurisdiction attaching, but always the value of the property sought to be recovered. Marden v. Starr (C. C.) 107 F. 199; Squire v. Robertson (C. C.) 191 F. 733; Way v. Clay (C. C.) 140 F. 352; Smith v. Adams, 130 U. S. 167, 9 S. Ct. 566, 32 L. Ed. 895.

In Marden v. Starr, supra, the value of the property in dispute was $4,000, but the damages claimed for detention was only $200; yet the federal court held it had jurisdiction because of the value of the property in dispute.

If the plaintiff has the right to have his action determined in the federal courts, because the amount of property in dispute is $3,000, as in a real action, replevin, or in proceedings in equity, and recovers property to the value of more than $500, it is no reason why he should not recover costs because he fails also to recover money damage to that amount, when it is not money damage that is the real issue, but the right to property.

Obviously if in a replevin action it is the value of the property involved which determines a suitor's right to seek his remedy in the federal courts, the value of the property actually recovered should determine his right to costs. Section 968, R. S. (28 USCA § 815), was evidently framed with this in view, as it is only when a plaintiff fails to recover the sum *or value* of $500 that he is not entitled to costs.

Since the plaintiff in this action was seeking to recover possession of goods of the value of $30,000, and by the jury's verdict recovered the right to retain them, clearly it is entitled to its costs.

The only other question raised by the appellant's assignment of errors is as to the amount of the costs and the several items to be properly allowed. The defendant before the District Court raised no objection to the allowance of the expense of the witness Kelly. His objection to the allowance of the expense of the surety bond was based on the ruling of the court in The Governor Ames Case (C. C. A.) 187 F. 40, but that case differs from this case in that the giving of the bond in that case was optional and not a necessary expense.

While in some jurisdictions courts have followed The Governor Ames Case where the facts were similar, the authorities are not all in accord. See The Frankmere (C. C. A.) 278 F. 139; Jacobsen v. Lewis Expedition Co. (C. C. A.) 112 F. 73, 80; The Volund (C. C. A.) 181 F. 643; The Bencliff (D. C.) 158 F. 377.

Under modern conditions and practice, bonds by surety companies have come to be the accepted and approved custom where bonds are required; and where the giving of the bond is compulsory, whether by order of court or by statute, the rule as to costs, in reason and authority, requires that premiums on such bonds are properly included in a bill of costs of the successful party. United Water Works Co., Ltd., v. Stone (D. C.) 29 F. (2d) 428; The Walter Adams (D. C.) 271 F. 358; Corporation, etc., v. Houlihan (C. C. A.) 184 F. 252, 254, 255.

As to the allowance of the keeper's fees and the expense of removal of the goods, the marshal was required by his precept to take possession and deliver the goods to the plaintiff. The contention that, under the contract or arrangement by which the defendant came into possession of the goods, he was not required to deliver the goods to the plaintiff at Louisville, Ky., in no way affects this item.

The expense is not for delivery in Kentucky, but for removing from the warehouse and loading on freight cars; the plaintiff presumably accepting possession when loaded on the cars. It does not appear that they could have been delivered to the plaintiff in compliance with the direction in the precept without necessary expense.

 If the objection went to the excessive costs, we think that must be held to have been passed on by the court below. Its unreasonableness was not made a ground of objection below, and while it may seem large on its face, the District Court, having found it taxable, must be presumed to have found it reasonable. United States v. Minneapolis, St. Paul & S. S. M. Ry. Co. (D. C.) 235 F. 951, 955. It cannot be attacked here on that ground unless it is made to appear that it is so excessive that the finding of the court below was without any foundation in fact.

The order of the District Court in taxing the costs is affirmed, with costs of appeal to the appellee.

ANDERSON, Circuit Judge (dissenting). The majority opinion in my view does not adequately state the real case.

Under date of April 14, 1927, plaintiff issued a replevin writ, under which the marshal, on April 15, took possession of the goods then in the defendant's warehouse. Promptly on April 16, the defendant's counsel filed a long motion which he described, inaccurately, as a motion in abatement. That document (in substance) asserts that the writ of replevin was not brought in good faith; that when brought the defendant, as *plaintiff well knew*, claimed no right of possession or title or other right in the goods; that the sole purpose of issuing the writ was to prevent an attachment of said goods under process from the state court; that the goods were in the defendant's possession on consignment under a contract between plaintiff and defendant, canceled by plaintiff on April 1, 1927; and that thereafter the defendant had repeatedly disclaimed any right or desire to detain them from the plaintiff. The defendant adhered to his view that the replevin proceedings were illegal as well as unwarranted; and, on April 20, refused to appear at the proceedings for approving the bond. But the plaintiff proceeded to have the goods appraised and a surety company bond for $60,-000 approved at an expense of $600.

Under date of July 18, 1927, the defendant filed an answer, in substance and effect the same as the so-called motion in abatement.

The case went to trial, and on evidence—not disclosed in this record—the jury found that at the time the writ was issued the defendant was wrongfully detaining the goods. Thereupon, the court ordered judgment for the plaintiff, with one dollar of damage.

This miscalled motion to abate the writ was filed before any proceedings had been taken to appraise the goods or issue any bond. It should have been treated as an answer on the merits. It showed clearly that there was no real controversy between the parties and no occasion for a writ of replevin, much less for a bond—which is required entirely for the defendant's security in case plaintiff should fail to maintain the allegations in its writ. It amounted to a waiver, both of the bond and of any claim of right in the goods, then in the possession of the marshal. All subsequent proceedings were utterly needless and futile. There was no occasion to appraise the goods and to give a bond to secure defendant for rights which he had formally waived and disclaimed on the record.

But, giving full force and effect to the jury's finding of illegal detention, the only "amount in dispute" presented by the pleadings was the damage done by the detention—one dollar. The case, therefore, falls clearly under R. S. § 968, title 28, § 815 U. S. C. A., which reads:

"When, in a district court, a plaintiff in an action at law originally brought there, or a petitioner in equity, other than the United States, recovers less than the sum or value of $500, exclusive of costs, in a case which can not be brought there unless the amount in dispute, exclusive of costs, exceeds said sum or value; or a libelant, upon his own appeal, recovers less than the sum or value of $300, exclusive of costs, he shall not be allowed, but, at the discretion of the court, may be adjudged to pay, costs."

The case is governed by this statute, which was intended to penalize the bringing of petty cases in the federal court. Van Siclen v. Bartol (C. C.) 96 F. 796; 28 U. S. C. A. § 815, note 3, and cases cited. The provision is mandatory.

The issue is made by the pleadings, not by the allegations of the writ, alone; both the so-called plea in abatement, and the answer on the merits, disclaimed any title or other right in the goods. The only issue tried or triable on the pleadings was illegal detention; the only "amount in dispute" was the damage from such detention—one dollar.

Replevin, under our modern statutes, includes the common-law actions, both of re-

plevin and detinue. This case was, on the pleadings, an action of detinue only. 34 Cyc. pp. 1353, 1356, 1395.

None of the cases cited in the majority opinion sustain the ruling that, on such pleadings as are here presented, the value of the property determines the application of the statute as to costs. In Marden v. Starr (C. C. A.) 107 F. 199, the issue was *title* to $4,000 of property; Squire v. Robertson (C. C. A.) 191 F. 733, was an action for foreclosure, not at all in point; Way v. Clay (C. C.) 140 F. 352, was a District Court case, and involved ejectment; and Smith v. Adams, 130 U. S. 167, 175, et seq., 9 S. Ct. 566, 32 L. Ed. 895 is an authority against the proposition.

The main function of pleadings is to determine the "amount in dispute" between the parties, and to define the issue. The ruling of the majority ignores this firmly settled principle.

But if the plaintiff were entitled to costs, it is not entitled to $600 for a surety company premium for an unneeded bond. This ruling utterly ignores that the defendant had, before the goods were appraised and the bond given, waived any right he had to such security. Moreover, I find in the statutes or in established usage no warrant for allowing such an item as costs.

It does not, in my view, fall under the ruling made in the Governor Ames Case (C. C. A.) 187 F. 40. The ruling allowing this item seems to me purely legislative and not judicial. Compare Ex parte Peterson, 253 U. S. 300, 40 S. Ct. 543, 64 L. Ed. 919.

The other large item allowed as costs was $650.80, for expenses of packing and removing the replevied goods from the defendant's warehouse. This item was, in my opinion, properly disallowed by the clerk, on the ground that the court had ruled that the defendant owed no duty to pack up the plaintiff's goods for shipment. The goods were on the defendant's premises when, either rightfully or wrongfully, the contract between plaintiff and defendant was canceled, and it plainly rested on the plaintiff to remove the goods from the defendant's premises. The attempt to impose this expense (grossly excessive in amount) on the defendant, by causing the work to be done by the employees of the deputy marshal in possession under the replevin writ, is an abuse of process.

It is plain that the only reason why this writ of replevin was brought was to avoid attachment by the defendant on a suit against the plaintiff for alleged breach of the contract. As soon as the property was in the hands of the United States marshal, it was, of course, not subject to attachment by the state process. Freeman v. Howe, 24 How. 450, 16 L. Ed. 749.

The argument of defendant's counsel, not strictly a part of the record, that he was negotiating with plaintiff's counsel for the acceptance of service on a writ to be brought by defendant, is, by fair implication, shown to be correct. He had a right to do this. That he should now be assessed for over $1,400 of costs for merely negotiating concerning a right which, for aught that appears, he had, is, in my opinion, one of the grossest abuses of legal process I have ever encountered. I decline to be a party to its approval.