**ARNDT et al. v. BANK OF AMERICA et al.**
No. 22325.

District Court. N. D. California, S. D.

Feb. 15, 1943.

962

Bryce Swartfager, of Santa Rosa, Cal., for plaintiffs.

G. D. Schilling and R. I. McCarthy, both of San Francisco, Cal., for defendants.

GOODMAN, District Judge.

On motion to dismiss plaintiffs' first amended complaint, defendants claim lack of Federal jurisdiction for the following reasons:

a. The amount in controversy is less than $3,000 exclusive of interest and costs.

b. Absence of subject matter of jurisdictional character.

c. Noncompliance with Rule 8(a) (1) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The amended complaint alleges in substance as follows:

Plaintiffs own and farm a property of value exceeding $11,000. Prior to July 3, 1934, they owed $6,000 to one Volkerts and $1,000 to defendants, both debts secured by mortgages on their farm. On or about July 3, 1934, Federal Land Bank of Berkeley and Federal Land Bank Commissioner, pursuant to the provisions of the "Federal Farm Mortgage Corporation Act" (48 Stat. 349, 12 U.S.C.A. § 1016 et seq.) agreed to lend plaintiffs $5,900 provided both mortgagees agreed to accept Federal Farm Mortgage Corporation bonds in the sum of $5,900, in full satisfaction of their debts. Both mortgagees so agreed. Both mortgages were released and a new mortgage to the Federal Land Bank of Berkeley securing the $5,900 loan was executed. The following year, plaintiffs were induced to execute, without consideration, a note in the principal sum of $1,000 in favor of the defendants secured by a deed of trust on the same property and thereafter paid $420 in interest to defendants thereon. Plaintiffs discovered, upon consulting counsel in 1942, that said note and deed of trust were, contrary to and in violation of the Act, 12 U.S.C.A. § 1016, unlawfully and improperly exacted from them. The deed of trust is claimed to be a cloud on plaintiff's title. It is prayed that it be cancelled and that the defendants be required to reconvey the title conveyed under the deed of trust, and that the interest paid be refunded.

### The Amount in Controversy.

Defendants contend that the controversy involves only a note for $1,000 secured by deed of trust, plus a monetary demand of $420, or a total of less than $3,000. With this contention, I cannot agree. While not

too clearly expressed in the complaint, it is obvious that the objective of plaintiffs is to remove, for the present and the future, what is now an encumbrance and cloud on the title to their farm property.

■ The Statute (28 U.S.C.A. § 41) requires the matter in controversy to exceed the sum or value of $3,000. It has long been unquestioned that a money demand is not the sine qua non. Here the complaint shows the matter in controversy to be the farmer plaintiffs' right of enjoyment of their farm property (alleged to be worth in excess of $3,000) free of the impairment of the demand and claim of lien of defendants. Frontera Transportation Co. v. Abaunza, 5 Cir., 271 F. 199, is in point. In that case, cancellation of a mortgage (upon which $600 was alleged to be due) was sought. The mortgaged property was alleged to be worth in excess of $3,000. True, by answer the defendants alleged the amount of the mortgage debt to be in excess of $3,000 and the lower Court required a tender of $5,000 by plaintiff as the amount necessary to satisfy the mortgage. The Circuit Court held that the defendants, having so answered, could not insist that the amount in controversy did not exceed $3,000. In principle, however, the value of the property was recognized to be the basis for determination of the jurisdictional amount. The Court said:

"The suit in this case is not a suit to recover $600, but to remove a cloud on the title to a piece of property. * * * Here a decree is sought to prevent the defendant from using his mortgage and these notes for any purpose, and to clear up the title to this entire property, which is alleged to be worth much more than $3,000." Frontera v. Abaunza, supra, 271 F. at page 201.

See, also, Greenfield v. United States Mortgage Co., C.C., 133 F. 784. Squire v. Robertson, C.C., 191 F. 733.

Defendants admit that the value of the property is the test in a suit to quiet title; but contend that this is not a suit to quiet title. Granted that it is not, (although the facts alleged might reasonably so denote it) it is clear that plaintiffs do seek to dissipate the cloud now effectively preventing full enjoyment of the use of their property. See Smith v. Adams, 130 U.S. 167, 9 S.Ct. 566, 32 L.Ed. 895; Phelps v. Harris, 101 U.S. 370, 25 L.Ed. 855; and the recent case of Peterson v. Sucro, 93 F.2d 878, 114 A.L.R. 890.

### Federal Subject Matter.

It is contended that the action does not involve a dispute respecting the validity, construction or effect of any Federal law. Plaintiffs' amended complaint alleges that the execution of the note and deed of trust in favor of the defendant bank was in violation of the provisions of the Federal Farm Mortgage Corporation Act, 12 U.S. C.A. § 1016 et seq. Subparagraph d of Section 1016 provides: "No loan shall be made under this section unless the holder of any prior mortgage or instrument of indebtedness secured by such farm property arranges to the satisfaction of the Land Bank Commissioner to limit his right to proceed against the farmer and such farm property for default in payment of principal."

■ It is conceded that the so-called "scale down" agreement, i. e. the agreement by which Volkerts and defendant bank agreed to accept a lesser amount in full of the obligations due them—was proper. It cannot be denied that any agreement, secret or otherwise, at or before the time of execution of the Federal Land Bank mortgage, for the giving by the mortgagors to the mortgagees of an additional mortgage or deed of trust, is invalid and contrary to the provisions of the Act. That no violation or involvement of the Act is here shown, because the note and deed of trust given to the bank were executed at a later time and not pursuant to any understanding prior to or simultaneously with the main transaction, is contra to reason and justice. The primary object of the law was to extend relief to farmers, to "scale down" their obligations and to permit continuity of farming operations. Its beneficent purpose would be completely nullified and the very object of the statute frustrated, if an existing creditor be permitted to receive at any time, pursuant to prior understanding or otherwise, that which he had already agreed to surrender or "scale down." See, O'Neil v. Johnson, D.C., 29 F.Supp. 307. Also Bilgore v. Gunn, Fla., 9 So.2d 184.

■ The statute here involved is not a mere incident to the cause of action. In terms and effect, defendants' acts are condemned by it as unlawful. Thus the legal consequences therefrom are for Federal determination. Mudd v. Perry, 8 Cir., 25

F.2d 85; New Orleans, M. & T. R. Co. v. State of Miss., 102 U.S. 135, 26 L.Ed. 96; Ter-Haar v. Kettleman, N. D. Ass'n, D.C., 34 F.Supp. 823; Deitrich v. Greaney, 309 U.S. 190, 60 S.Ct. 480, 84 L.Ed. 694; O'Neil v. Johnson, supra.

Rule 8(a) (1) of the Rules of Procedure.

It is true that "a short and complete statement of the grounds upon which the court's jurisdiction depends" must be set forth in the complaint. Strictly speaking, plaintiffs have not done this. However, I have not been put to great effort to ascertain the matters upon which the jurisdiction depends and see no point in requiring the plaintiffs to further amend.

The motion to dismiss is denied.